W. F. HENSON, Respondent, v. PASCOLA STAVE COMPANY, Appellant.

**St. Louis Court of Appeals, April 2, 1912.**

The opinion of the Springfield Court of Appeals in this case (151 Mo. App. 234) is adopted as the opinion of the court.

**NORTONI, J., Dissents.**

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Faris & Oliver* for appellant.

*Ward & Collins* for respondent.

CAULFIELD, J.—The appeal in this case was prosecuted to the Supreme Court because the amount in dispute, $5000, exclusive of costs, exceeded the sum of $4500 and therefore the case was without the jurisdiction of the Courts of Appeals. In 1909 the jurisdictional amount in cases over which these courts might have jurisdiction was increased to $7500 exclusive of costs, and thereupon this case, not having been submitted in the Supreme Court was by it certified and transferred to this court to be heard and determined by it. The case was thereafter transferred by this court to the Springfield Court of Appeals under the provisions of the act of the Legislature, approved June 12, 1909. [See Laws of Missouri 1909, p. 396; see, also, sec. 3939, R. S. 1909.] In due time the cause was disposed of by the Springfield Court of Appeals through an opinion prepared by Judge Cox and concurred in by a majority of that court, as will appear by reference to Henson v. Pascola Stave Co., 151 Mo. App. 234, 131 S. W. 931. Subsequently, the Supreme Court declared the said legislative act, which purported to authorize the transfer of cases from this court to the Springfield Court, to be unconstitutional. The cause was thereafter transferred by the Springfield Court of Appeals to this court on the theory that the jurisdiction of the appeal continued to reside here and the proceedings had in the Springfield Court with reference thereto were *coram non judice.*

The case has been argued and submitted here and duly considered. Upon reading the record and considering the arguments, we are persuaded that the majority opinion of the Springfield Court, above referred to, properly disposes of the controversy, and it is adopted as the opinion of this court. For the reasons

given in that opinion the judgment will be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* concurs. *Nortoni, J.,* dissents, being of the opinion that the plaintiff was not a fellow-servant with those engaged in loading cars in the forest.