# W. F. HENSON, Respondent, v. PASCOLA STAVE COMPANY, Appellant.

### Springfield Court of Appeals, June 17, 1915.

1. **MASTER AND SERVANT: Personal Injuries: Contributory Negligence: Method of Work Selected by Master.** A servant who is injured while doing certain work in the manner ordered by the master cannot be charged with negligence in selecting, as between two methods, the more dangerous one.

2. ————: ————: **Evidence.** Action against master by servant because of personal injuries. Evidence reviewed and demurrer thereto held properly refused.

3. ————: ————: ————: **Admissibility.** Action by servant for personal injuries received while unloading logs from a car. The petition alleged no defect in the track, yet it was permissible to show that one side was lower than the other in order to show the car's position and hence the necessity for workmen unloading on the other side.

4. **APPEAL AND ERROR: Admission of Evidence: Harmless Error.** Where in an action by the servant against the master because of personal inuries received while unloading logs from a car, the real contest was on the point whether there were two stakes or only one on the side of the pile of logs, there was no reversible error in admitting evidence that three stakes were needed.

5. **EVIDENCE: Objections: Should be Specific.** An objection to the introduction of certain evidence because no proper foundation was laid, should specify in what respect a foundation was not shown.

6. ————: **Custom: Admission of Conclusion.** The admission of a conclusion as to the existence of a custom is not error.

Appeal from Pemiscot County Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Ward & Collins* for respondent.

*Arthur L. Oliver* and *Everett Reeves* for appellant.

ROBERTSON, P. J.—This case has been here before and is reported in 151 Mo. App. 234, 131 S. W. 931. It also has been in the Supreme Court and the adjudication which gives validity to the opinion of this court is the adoption of it by the St. Louis Court of Appeals as reported in 165 Mo. App. 5, 145 S. W. 1184. The facts, so far as material at this time to the statement of the case, will be found in the prior opinion, except that at page 238 of the prior opinion of this court it is stated that two stakes were placed on each side of each section of logs, whereas in the case made at the last trial the testimony in behalf of plaintiff tends to prove that there was only one stake and one place for a stake upon the south side of the logs being unloaded at the time plaintiff was injured, the logs being skidded, in unloading off the car, to the north.

The trial from which this appeal is taken by the defendant resulted in a verdict and judgment for plaintiff in the sum of $6500.

The burden of appellant's contention here is that there was not substantial testimony that there was but one socket on the south side of the pile of logs upon which plaintiff was working when he was injured. The testimony overwhelmingly convicts the defendant of error in this contention. M. A. Lands testified positively that there was but one socket; G. Goddard testified that he did not see but one stake on the south side of this pile of logs; Ben Hodges testified that he

noticed the south side of the car after the accident and that to the best of his recollection there was but one socket at that place; Luke Abbott testified that he looked carefully about the car and that he did not see any other stake at this point other than the one that broke or any place for another stake. All of these witnesses testified in behalf of plaintiff. W. B. Huddelston, defendant's foreman at the time of the accident, testified in its behalf that he examined these cars when they were at the mill but that he could not say that he examined this car at the time plaintiff was hurt and that neither could he say there were four stakes on the south side of the car, which would be necessary to give two stakes south of the pile on which plaintiff was working when injured. Another witness in behalf of the defendant, William West, foreman of the road, testified in direct examination about the stakes, but on cross-examination says no more than that he thinks there were four sockets on the south side of the car but that he would not swear that there were that many there. No witness testified that there was more than one stake which gave way and caused plaintiff to fall. Several witnesses in behalf of the defendant testified to examining the stake which broke and that stakes were always put into all of the sockets, thus justifying the inference that there was but one socket south of this particular pile of logs.

Taking appellant's contentions in the order set out in its brief we find the first insistence to be that a verdict should have been directed in its behalf because the testimony discloses beyond controversy that plaintiff was guilty of contributory negligence. This contention is devoid of merit and was disposed of adversely to appellant in the prior opinion. We shall not use any space or consume any time by doing more than ruling this contention in favor of plaintiff.

It is next insisted by appellant that its demurrer to the testimony should have been sustained because

the plaintiff was subjecting the car and stakes to a strain not intended, designed or contemplated by the defendant, it being stated that stakes were intended solely to hold the logs on the car only until it reached the mill. By what method it was or should have been contemplated by the defendant in view of this contention the logs were to be unloaded is not suggested. The plaintiff's usual duties were the operation of a drag saw at defendant's mill where the car was set and the logs were to be unloaded. On this particular day he had run out of logs and was directed by defendant's foreman to assist in unloading this car. He had proceeded safely with this work so far as the west pile of logs were concerned and to a considerable extent as to the east; the south side of the car was lower than the north side, the usual side for unloading, and in the process of unloading they reached a log which was crooked and required manipulation to get it to the skids on the north side of the car. In order to accomplish this result the plaintiff was ordered by defendant's foreman to go to the point where he was standing when the stake gave way. He had there taken hold of the log with his cant hook and was lifting. Surely the master must be held to contemplate the work which the plaintiff was doing under the express orders of its foreman. The plaintiff was doing the very thing the defendant's business demanded and doing it in the only way it could be done, so far as the testimony discloses. The defendant owed the plaintiff the primary duty of providing a reasonably safe place in which he should be required to do its work. Defendant failed in this duty and must pay the penalty.

Again the appellant insists that the demurrer should have been sustained on the theory that the plaintiff, as between two methods, selected the more dangerous. No such rule is applicable to this case for one reason at least that the plaintiff did not select his

method but was ordered thereto by defendant's foreman.

It is also urged that the demurrer should have been sustained because there was testimony conclusive on the proposition that the car was supplied with the number of stakes and sockets which had proved to be safe and sufficient and that the mode of loading the logs and staking them on the car was the mode used in all other cars in like circumstances. The advancement of this argument is due to a misconception of the testimony. As we have above noted the testimony tends to prove that there was but one socket south of the particular pile of logs. Even defendant's witnesses, including its foreman, testified that one stake on the south side of the pile of logs was not sufficient or considered safe.

For none of the reasons above urged or for other reasons assigned in the brief, equally devoid of merit, should the demurrer to the evidence have been sustained.

Error is assigned on the admission of testimony tending to show that the south side of the track where the car was standing when it was being unloaded was lower than the north side since the petition alleged no defect in the track at this point. Nevertheless the testimony was proper to show the position of the car and the necessity for the efforts which plaintiff, defendant's foreman and other employees were exerting to get these logs over to the skid on the north side, the only point provided by defendant for unloading them.

The defendant further insists that the plaintiff was allowed to offer improperly testimony that three stakes on each side of each pile of logs were necessary to properly hold the logs on the car. The defendant by its attitude in the trial of the case in effect conceded that two stakes were necessary. As we have before noticed there is much testimony that but one place for a stake was provided and defendant's own witnesses,

without objection, testified that this was insufficient, so the contest really centered around the theory of whether there was, as a matter of fact, two or one stake and no harm was done defendant in admitting this testimony, even if properly objected to.

Other testimony to which our attention is directed by appellant, on the question of custom, referred solely to the number of stakes required in the transportation of the logs to the mill. No objection was made to the question because it applied to the cars in transit. The text of defendant's duty to the plaintiff must be measured by how many stakes it should have had in the car when it was being unloaded under the conditions disclosed in this case. The objection did not specify the point now relied on and cannot therefor be considered, but if we concede that the question went to the sufficiency of the stakes at the time of unloading we yet have an insufficient objection thereto. The objection was that the proper foundation was not laid; that it called for a conclusion and that it was wholly immaterial and incompetent. Such objections are too general to reach the point now contended for by appellant. [State ex rel. West v. Diemer, 255 Mo. 336, 350, 164 S. W. 517.] The contention should have informed the court and the plaintiff in what respect defendant considered no foundation was shown, whether it was a lack of a qualification of the witnesses to speak on this subject or whether there was an absence of the necessary proof of a custom or usage existing elsewhere. Litigants should not be allowed to make objections of this character and then urge here points which might have been met in the trial court had the objection been more specific. The plaintiff had a right to call for a conclusion on this point of custom and it was material to the issue, as appellant itself concedes in contending elsewhere in its brief that it did all that was usual and customary among others in this particular line of work.

It is argued here that the court refused to submit to the jury the question of the alleged negligence of a fellow servant in placing in the car the defective stake that caused the accident, as was involved in the former appeal, but this argument is based upon a misconception of the record. The court did, at the request of the defendant, instruct (No. 4) the jury that the defendant was not liable if the accident occurred by reason of defective stake placed in the car by an employee of the defendant. This instruction was given as requested by defendant except that a few words, which were a repetition, were stricken therefrom by the court. This also meets the objection as to a refused instruction on the same point fully covered by the instruction given.

It is asserted by appellant that the verdict is excessive and the only reason given in its brief therefor is that "The evidence is clear and convincing that the plaintiff's own negligence in the care and treatment of his injury at least partially contributed to the loss of his leg." This was a question of fact for the jury upon which the defendant requested and was given an instruction. There was ample testimony on which to base this instruction, the jury resolved the facts in plaintiff's favor and we cannot disturb the verdict on this point.

There clearly being no error committed in the trial of this case the judgment is affirmed.

*Farrington* and *Sturgis, JJ.,* concur.