Lorraine BROWNING and Lloyd Browning, (Plaintiffs) Appellants,

v.

The CITY OF ST. LOUIS, a Municipal Corporation, (Defendant) Respondent.

No. 31515.

St. Louis Court of Appeals.

Missouri.

Dec. 15, 1964.

David E. Horn, St. Louis, for appellants.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, John S. Marsalek,

G. W. Marsalek, Joseph H. Mueller, St. Louis, for respondent.

R. KENNETH ELLIOTT, Special Judge.

This appeal, resulting from a verdict and judgment for defendant in the trial court, was taken by plaintiffs, Lorraine Browning and Lloyd Browning, husband and wife, who brought suit against defendant for personal injuries to plaintiff Lorraine Browning, and for plaintiff Lloyd Browning's loss of his wife's services and expenses incurred as a result of her injuries. Hereinafter we shall refer to Lorraine Browning as plaintiff.

Defendant owned and operated a roller skating rink for public amusement in Forest Park, located in the confines of defendant. On July 10, 1959, along with her husband and others in her party, plaintiff entered the skating rink and engaged in roller skating for approximately an hour and 45 minutes. While skating with her brother, who was holding her left hand in his right, she was struck from behind by another skater who was skating in a manner described by her as fast, wild, rude and disorderly. Plaintiff's theory was that defendant in the exercise of ordinary care could have observed those patrons who were skating in an improper manner and have stopped them, but failed to so do.

Plaintiff testified that she was an experienced skater, and that on the evening the accident occurred she observed a group of four or five boys skating wildly and dodging in and out of people, but that the boys did not knock anyone else down; however, one did run into a smaller boy, who was not knocked down at that instant.

Plaintiff testified that she saw three men on duty that evening, and that she did not complain to an attendant about the way she claimed the boys were skating.

Defendant produced five witnesses who were employees. Arrowsmith was the assistant manager who was present at the rink that evening, and he made entries in the employee's attendance log and signed same. A duty sheet was kept which showed the employees on duty at the rink on the evening in question. The other attendants who testified were Prusaczyk, Boutin, Pierce and Strahan. The duty roster indicated that on the evening in question Boutin was assigned to the checkroom; Pierce and Strahan were assigned to the rink; and Prusaczyk was assigned to the turnstile located about eight feet from the rink.

The evidence in this case established that the duty roster and log showed that someone sustained a broken arm that evening; that the witness Pierce was on duty from 7:00 to 11:00 P.M. and assigned to the rink; that the duty of such men is to keep order on the rink; and that the witness Strahan was also assigned to the rink. The attendant assigned to the turnstile, Prusaczyk, would be close enough to the rink to observe the skaters.

Witnesses Arrowsmith, Prusaczyk, Boutin, Pierce and Strahan were asked substantially the same question, to the effect that if fast, wild skating by a group of somewhere between five to fifteen boys had occurred, would the witness have remembered it. In each instance the answer was in the negative.

Plaintiff's only assignment of error is that the trial court erred in permitting the defendant's witnesses to answer questions relating to their recollection of seeing dangerous skating by users of the rink because it was not established that the witnesses were in situations where their faculties were called into play during the time in question.

Defendant maintains that plaintiff's motion for a new trial was insufficient in that it did not specify what evidence plaintiffs claimed was inadmissible, as required by Rule 79.03, V.A.M.R., and therefore there is nothing preserved for review in this court. This requires that we examine not only the motion for new trial, but the

specific objections made by plaintiff at the time the questions were asked.

■ The only reference in plaintiff's motion for new trial to the matter complained of on appeal is found in Paragraph 1, which read as follows:

"(1) Because the Court erred in admitting incompetent, irrelevant, immaterial and prejudicial evidence offered by the defendant over the objection of plaintiffs."

In examining the grounds specified by plaintiff during the trial, we find that plaintiff objected to the question propounded to Arrowsmith on the grounds that the question was (a) improperly phrased; (b) involves a series of "ifs"; (c) leading; (d) "It is not a question, if it occurred did he see it, but what did he see?"; (e) the witness ought not to be entitled to say what happened that he did not recall.

We are, therefore, concerned whether these objections are sufficient to preserve error as an exception under Rule 79.01 to Rule 79.03, V.A.M.R., in view of the general nature of the motion for new trial.

On the question in issue propounded to the witness Boutin, who was assigned to the checkroom and could see the rink fairly good from that spot, the objection by plaintiff was that the question was not limited to the occasion of the night in question, since the question asked the witness was, "did he at any time recall such activity?" The question to the witness Pierce was objected to on the same basis, and likewise as to the witness Strahan.

When the question in issue was propounded to Prusaczyk, the turnstile attendant, there was no objection made by plaintiff. Witness Prusaczyk testified after the witness Arrowsmith and before the other witnesses, Boutin, Pierce and Strahan. Each of the attendants testified he was on duty and described his duties, and none of the defendant's witnesses recalled:

seeing a group of boys skating in the manner described during the 1959 season.

Plaintiff cites to us the case of Dodd v. Terminal Railroad Association of St. Louis, Mo.App., 108 S.W.2d 982, 1. c. 984, wherein this court discussed negative evidence as being proper statements of fact for the jury to consider when it has been established that the witness who testifies:

" * * * was in a situation where his faculties were called into play at the particular moment; and if it appears that the faculties of the witness were being employed at the time, and he testifies to the nonexistence of the particular fact in inquiry, then his testimony is not to be treated as without probative force or as a mere conclusion, but is instead to be taken as a statement of a fact so as to raise an issue for the determination of the jury."

We fail to find any relationship between the assignment of error on appeal and the specific objection made during the trial as to the question propounded to the witness Arrowsmith. The one objection made to the question asked the other witnesses was also unrelated.

Defendant in support of his argument that no error was preserved by plaintiff cites to us the case of Romandel v. Kansas City Public Service Company, Mo., 254 S.W.2d 585, wherein it was held that a general assignment in the new trial motion was not sufficient to preserve error in the admission of a deposition. In the Romandel case there was a specific objection at the trial which was consistent with the complaint on appeal with a general assignment in the motion for new trial, which the Supreme Court held did not preserve error under the facts in that case. In the instant case, the specific objections made during the trial do not relate to the assignment of error in this court.

The facts here show the plaintiff's objection does not specify the failure of the

defendant to establish a situation showing the faculties of the witness were called into play during the time in question, but rather amounts to nothing more than a general objection, which, under the circumstances here, has preserved no error. State ex rel. State Highway Commission v. Henderson, Mo.App., 381 S.W.2d 10 (13); Gerald v. Caterers, Inc., Mo.App., 382 S.W.2d 740; Gosnell v. Gosnell, Mo.App., 329 S.W.2d 230 (235).

In Lott v. Kjar, Mo., 378 S.W.2d 480 (485), our Supreme Court has recently stated that:

"A claim of error here is limited to that advanced in the motion for new trial, and we do not consider a different ground of objection urged on this appeal."

It has been further stated by our Supreme Court, in Galloway v. Galloway, Mo., 169 S.W.2d 883 (887), that the reason for a requirement that proper specific objection be first made in the trial court is:

"* * * In the making of objections the trial judge should be apprised of the grounds upon which objections are based that he may rule with intelligent fairness—opposing counsel should be likewise apprised, for, should the grounds specified be deemed valid ones, counsel may then avail of other, but proper, means of adducing the proof. * * *"

Further in regard to the necessity of making proper specific objections during trial, we find in Henson v. Pascola Stave Co., 190 Mo.App. 471, 177 S.W. 787, l. c. 789, the language:

"* * * The objection was that the proper foundation was not laid; that it called for a conclusion; and that it was wholly immaterial and incompetent. Such objections are too general to reach the point now contended

for by appellant. State ex rel. West v. Diemer, 255 Mo. 336, 350, 164 S.W. 517. The contention should have informed the court and the plaintiff in what respect defendant considered no foundation was shown, whether it was a lack of a qualification of the witnesses to speak on this subject, or whether there was an absence of the necessary proof of a custom or usage existing elsewhere. Litigants should not be allowed to make objections of this character, and then urge here points which might have been met in the trial court had the objection been more specific. * * *"

Here the plaintiff is attempting to raise in this court for the first time a point to which no proper objection was raised in the trial court. This the plaintiff cannot do. Hermann v. St. Louis Public Service Company, Mo.App., 345 S.W.2d 399 (405–406). Such attempt is in violation of Rule 83.13, V.A.M.R. Bader v. Hylarides, Mo.App., 374 S.W.2d 616.

Plaintiff in his reply brief cites to us Smith v. Fine, 351 Mo. 1179, 175 S.W.2d 761, but we distinguish it from this case because that case, at page 768, points out that there is a modification of the general rule requiring specificity in objections where the evidence is so clearly incompetent that there exists no objectional feature for removal to make it competent. This case does not come within that rule.

We have examined the authorities cited by both appellant and respondent and the record herein, and find no reason to apply our discretion under Rule 79.04, V.A.M.R., relating to consideration of plain errors not preserved for review. Miller v. Dowling, Mo.App., 360 S.W.2d 345 (349).

The judgment for defendant is affirmed.

WOLFE, Acting P. J., and ANDERSON, J., concur.