Stephen R. STIENS and Susan Stiens, Respondents,

v.

Greg STIENS, Appellant,

Teresa Schneider, Defendant.

No. WD 66914.

Missouri Court of Appeals, Western District.

June 5, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 2007.

Application for Transfer Denied Sept. 25, 2007.

Greg L. Stiens, Appellant pro se.

Mark H. Wissehr, St. Joseph, MO, for Respondents.

Before LOWENSTEIN, P.J., ELLIS and HARDWICK, JJ.

HAROLD L. LOWENSTEIN, Judge.

Greg Stiens ("Appellant") appeals the trial court's judgment finding a lien filed by him against property owned by Stephen and Susan Stiens ("Respondents") to be *void ab initio* as a nonconsensual common law lien, and also awarding court costs, attorney's fees, and statutory damages to Respondents. This court finds that the errors raised by Appellant were either abandoned at trial or not preserved for appellate review. The judgment of the trial court is affirmed and damages for frivolous appeal pursuant to Rule 84.19 are assessed against the Appellant in the amount of $1,000.

## I. FACTS

Respondents, husband and wife, purchased 160 acres of land in Holt County from Robert and Dorothy Stiens, parents of Stephen and Greg Stiens, in November 2002. The property, held by the Robert L. Stiens and Dorothy E. Stiens Revocable Trust, was conveyed via a quit claim deed and a trustee's deed, which were recorded.

In April 2003, Appellant and Teresa Schneider,[1] brother and sister, respectively, to Stephen Stiens, recorded a document styled "Notice of Claim and Proposed Lien Against the Property and Interests of

---

1. Teresa Schneider does not participate in this appeal.

Robert L. Stiens and Dorothy E. Stiens" (the "Proposed Lien") in the land records of Holt County. The Proposed Lien listed two tracts of land, one of which was the 160 acres purchased by Respondents in 2002.

In 2005 Respondents attempted to obtain a construction loan to build a house on their 160 acres. The title insurance commitment revealed the cloud on the title created by the Proposed Lien. In an attempt to clear title and secure the construction loan, Respondents asked Appellant and Schneider to release the lien. The request was refused.

## II. PROCEDURAL POSTURE

In August 2005 Respondents filed a petition in the Circuit Court of Holt County under Sections 428.120 and 428.125[2] requesting the court declare the Proposed Lien invalid and award money damages. On August 10, 2005, a special process server was appointed to serve the summons on Appellant and Schneider. The same day the court entered an order to show cause why the Proposed Lien should not be declared invalid at a September 7, 2005, hearing. The summons was served on Schneider, but no return was filed as to Appellant.

On September 7, 2005, the court entered another show cause order setting the hearing for November 9, 2005. The order was returned *non est* as to Appellant. Another special process server was appointed on October 7, 2005, to serve Appellant. On November 9, 2005, the process server filed an affidavit stating she had served Appellant on October 20, 2005.

On November 9, 2005, attorney Richard Turner entered his appearance for defendant Schneider and filed her answer. Turner also entered his appearance for Appellant "for the limited purpose of challenging jurisdiction over the Defendant" and filed a "Motion to Quash Service of Process or, in the Alternative, to Dismiss Due to Insufficiency of Service of Process," claiming that personal service was not made upon Appellant. A docket entry from the same day indicates that "[a]ll pending motions and the case in chief are set for hearing at 2:30 PM on Nov. 17, 2005." The docket entry also indicates that the case was being transferred to another judge.

The hearing on the motion was held on November 17, 2005. Respondents appeared in person and by counsel. Appellant and Schneider appeared by counsel only. Although Appellant had raised insufficiency of service of process in his November 9 motion, when the court asked if there were "[a]ny preliminary matters on behalf of the Defendant," counsel for Appellant replied, "No, your honor." Respondent's counsel then stated that it was his understanding that the defendants would be present and stated that their attorney, Turner, had spoken to the defendants personally, that they knew of the proceedings, and that they had told their attorney they would be present. Attorney Turner replied, "That is correct."

Appellant's claim of insufficiency of service of process was more fully discussed in the following exchange:

> [Respondents' counsel]: It's my understanding ... that Mr. Turner, as counsel for Defendant Greg L. Stiens and Teresa Schneider is willing to stipulate that they are abandoning any allegations or claim regarding insufficiency of service of process. Is that correct, Mr. Turner?
>
> [Appellant's counsel]: That is correct.

Given the order directing defendants to show cause why the lien should not be

2. All statutory references are to RSMo. 2000    unless otherwise specified.

declared void, Appellant bore the burden of proof. However, when called upon to present evidence, Appellant's counsel stated:

> [A]s far as any evidence that the Defendants would have to offer as far as the lien, we would offer no evidence at this time.... We would ask the Court to just enter an order declaring the lien to be invalid and to limit any damages just to court costs and attorney fees.... [W]e are willing to pay the court costs and the attorney's fees in this case.

After Respondents presented evidence and offered exhibits, without objection by Appellant, the trial court found the Proposed Lien to be a nonconsensual common law lien. The judgment entered November 22, 2005, declared the Proposed Lien to be *void ab initio* and awarded Respondents court costs, attorney's fees, and statutory damages. Appellant filed a motion to set aside the judgment stating as his sole grounds that the "judgment is not supported by the facts presented." The trial court denied the motion, and this appeal followed.

## III. Discussion

### A. Standard of Review

This court reviews a judge tried case under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be affirmed unless the judgment is not supported by sufficient evidence, the judgment is against the weight of the evidence, or the trial court misstated or misapplied the law. *Id.* Questions of law are reviewed *de novo* but this court defers to the trial court as the finder of fact. *Auto. Club Inter–Ins. Exch. v. Medrano*, 83 S.W.3d 632, 637 (Mo.App.2002).

### B. Discussion of Appellant's Claims of Error

Appellant raises five points on appeal challenging: (I) personal jurisdiction for lack of service of process; (II) the adequacy of the show cause order as failing to meet the requirements of Section 428.125; (III) the change of judge; (IV) the language of the trial court's findings; and (V) the trial court's finding that the lien was a nonconsensual common law lien. Points I and V were abandoned at trial, and Points II, III and IV were never raised before the trial court and are, therefore, not preserved for appellate review. Appellant's claims are without merit.

### 1. Insufficiency of Service of Process was Expressly Abandoned at Trial.

■ Appellant first claims the judgment was void for lack of jurisdiction claiming insufficient service of process. Appellant contends that not only was the service of process defective, the process itself was insufficient as the show cause order was not served within thirty days of issue and was, therefore, invalid.

■ Service of process is a predicate to the court's "jurisdiction to adjudicate the rights of a defendant." *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000). "When the requirements for manner of service are not met, a court lacks power to adjudicate." *State ex rel. Plaster v. Pinnell*, 831 S.W.2d 949, 951 (Mo.App. 1992). Service of process must be "in the form ... prescribed by statute ... unless the defendant has consented or waived his objections to personal jurisdiction." *Krug v. Abel*, 716 S.W.2d 17, 20 (Mo.App.1986).

■ Although he filed a motion challenging personal jurisdiction prior to the hearing, Appellant expressly abandoned any claim of insufficient service of process. Issues abandoned at trial are not before

the reviewing court. *See Krinard v. Westerman,* 279 Mo. 680, 216 S.W. 938, 940 (1919). As Appellant expressly abandoned this issue at trial, the alleged error is not preserved for appellate review.

■ At trial, Appellant limited his challenge to personal jurisdiction to a claim of insufficient service of process. On appeal, he now argues that the process itself was insufficient. "A defending party who wishes to raise defenses of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process must do so either in a pre-answer motion or in the party's answer." *Worley,* 19 S.W.3d at 129. Per Rule 55.27(g)(1)(B), challenges not raised before the trial court at the first opportunity are deemed to have been waived. "[T]he litigant is deemed to have waived the right to pursue that issue by not raising it before the trial court." *Flair v. Campbell,* 44 S.W.3d 444, 453 (Mo.App.2001). Not only did Appellant fail to raise the issue of insufficient process at the first opportunity, he did not raise the issue before the trial court at all. Accordingly, any claim of insufficient process is deemed waived.

Appellant's first point of error is not properly before this court and is accordingly denied.

2. CLAIMS OF ERROR AS TO THE SHOW CAUSE ORDER, CHANGE OF JUDGE, AND FORM OF JUDGMENT ARE NOT PRESERVED FOR APPEAL.

■ In Points II through IV, Appellant raises claims of error as to the show cause order, the change of judge, and the wording of the judgment. However, Appellant did not bring these alleged errors to the attention of the trial court nor did he raise them in his motion to set aside judgment. Allegations of error not raised before the trial court by objection and cannot be raised for the first time on appeal. *Browning v. City of St. Louis,* 384 S.W.2d 868, 869 (Mo.App.1964). As Appellant has failed to preserve for appellate review these disparate claims of error, the allegations raised in Appellants Points II, III, and IV are denied.

3. APPELLANT MAY NOT INTRODUCE MATTERS ON APPEAL NOT PRESENTED TO THE TRIAL COURT.

■ In his final assignment of error, Appellant attacks the trial court's finding that the Proposed Lien was a nonconsensual common law lien prohibited under Section 428.125. His point on appeal states:

> The trial court erred in its judgment because [the Proposed Lien] was not in violation of [Section] 428.125 R.S.Mo. (sic) in that [the Proposed Lien]: 1) was not against the property of plaintiffs; 2) was not a lien; 3) was not a common law lien; or in the alternative it was an equitable lien and not a "nonconsensual common law lien."

At trial, however, Appellant declined to offer any evidence as to the nature of the lien but rather asked "the Court to just enter an order declaring the lien to be invalid." This request may have been prompted by an attempt to avoid assessment of statutory damages. He now asks this court to reverse a judgment that he requested the trial court to make.

In that Appellant requested the trial court find the lien invalid, he cannot now "complain on appeal about a procedure adopted in the trial court at his . . . own request, nor may an appellant complain of alleged error, which by such person's conduct at trial, he . . . joined in or acquiesced or invited." *Carter v. St. John's Reg'l Med. Ctr.,* 88 S.W.3d 1, 19 (Mo.App.2002). Here, Appellant attempts on appeal to challenge the trial court's finding that the lien was *void ab initio* as a nonconsensual

common law lien, a finding Appellant specifically requested.

Appellant's final allegation of error is denied.

## C. REQUEST FOR DAMAGES FOR FRIVOLOUS APPEAL.

■■■■ Respondents ask for $5,000 in damages for frivolous appeal as authorized by Rule 84.19. Rule 84.19 provides that "[i]f an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." "An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." *Dennis v. H & K Mach. Serv. Co.*, 186 S.W.3d 484, 487 (Mo.App.2006). This court awards damages under Rule 84.19 with great caution and then only where such damages will serve "(1) to prevent congestion of the appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals." *Johnson v. Aldi, Inc.*, 971 S.W.2d 911, 912 (Mo.App.1998).

In determining whether damages for frivolous appeal are appropriate in this case, several factors were considered. Appellant expressly abandoned at trial any claim of insufficient service of process. He now attempts to argue this same issue on appeal. Appellant then asked the court to enter judgment for Respondents, conceding that the lien was *void ab initio* and to award Respondents attorney's fees and court costs. He now attacks that judgment, the judgment he requested, as unfounded on the evidence. Although he declined to present any evidence at trial, he now attempts to introduce evidence on appeal to argue that the lien was not a nonconsensual common law lien. In addition, he now raises a number of procedural errors—alleged errors that were never brought to the court's attention at the hearing or by motion.

When considered as a whole, the record amply demonstrates that Appellant failed to raise any justiciable question in this appeal. Consequently, Respondents have been forced to incur expenses associated with an appeal devoid of merit and with no prospect of the appeal being successful. Accordingly, Respondents' request for an award of damages against Appellant for frivolous appeal pursuant to Rule 84.19 is granted in the sum of $1,000.

## IV. CONCLUSION

Appellant abandoned his claims of insufficiency of service of process at trial and failed to raise the bulk of his allegations of error before the trial court. As such, the claims of error were not preserved for appellate review. Moreover, the trial court entered judgment in accordance with Appellant's request and Appellant's attempt to challenge the trial court's judgment by introducing evidence that he declined to present before the lower court is inappropriate and unlawful. The judgment of the trial court is affirmed and damages for frivolous appeal pursuant to Rule 84.19 are awarded to Respondents in the amount of $1,000.

All concur.