STATE of Missouri, ex rel. Thomas E. BIBBS, Appellant,

v.

DIRECTOR OF REVENUE, et al., Respondents.

No. WD 67538.

Missouri Court of Appeals, Western District.

Nov. 6, 2007.

Thomas Bibbs, Kansas City, MO, for appellant.

Ryan Bertels, Assistant Attorney General, Jefferson City, MO, for respondent.

Before HAROLD L. LOWENSTEIN, Presiding Judge, JOSEPH M. ELLIS, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Judge.

Thomas Bibbs, acting *pro se*, appeals from a judgment entered in the Circuit Court of Jackson County dismissing a petition he filed against the Director of Revenue and Kari Bitler. For the following reasons, we affirm the trial court's judgment.

On October 19, 2004, Appellant filed a *pro se* petition in the Circuit Court of Jackson County naming Bitler and the Director of Revenue as defendants. The Director was not served with the summons and petition and did not enter an appearance in the case. In response to the petition, Bitler filed a motion to dismiss for failure to state a claim upon which relief could be granted. Bitler averred that Appellant had failed to plead any facts entitling him to relief and that his claims were otherwise incomprehensible. Following a hearing on that motion, the circuit court entered its judgment granting Bitler's motion. Appellant brings three points on appeal from that judgment.

■ Initially, we must consider Bitler's claim that this Court lacks jurisdiction over Appellant's appeal because the case was dismissed without prejudice by the circuit court. While the judgment does not specify whether the dismissal was with or without prejudice, Rule 67.03 provides that an involuntary dismissal is deemed to be without prejudice unless otherwise specified in the trial court's order. Accordingly, Appellant's petition was dismissed without prejudice.

■ As a general rule, "a dismissal without prejudice is not a final judgment and, therefore, is not appealable" and must be dismissed. *Solberg v. Graven,* 174 S.W.3d 695, 698 (Mo.App. S.D.2005). "A party can, however, appeal from a dismissal without prejudice if the dismissal has the practical effect of terminating the ac-

tion in the form cast." *Jeffrey v. Cathers,* 104 S.W.3d 424, 428 (Mo.App. E.D.2003). "The dismissal without prejudice for failure of the petition to state a claim, when the party elects not to plead further, amounts to a determination that the plaintiff has no action. In such a case, the judgment of dismissal—albeit without prejudice—amounts to an adjudication on the merits and may be appealed." *Mahoney v. Doerhoff Surgical Servs., Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991). "'The fact that the plaintiff may, if he chooses, bring another action for the same cause does not alter the fact that judgment was a final adjudication as to that petition and if plaintiff chose to stand on that petition, the judgment was final and appealable.'" *Solberg,* 174 S.W.3d at 698 (quoting *Hasemeier v. Smith,* 361 S.W.2d 697, 699 (Mo. banc 1962)). Bibbs's petition was dismissed for failure to state a cause of action, and that dismissal was a final adjudication of the sufficiency of the pleadings. Accordingly, the judgment in this case is final and appealable, and this Court has jurisdiction.

▮ Before moving on to Appellant's points, we must also address Bibbs's failure to comply with the applicable rules of appellate procedure. *"Pro se* appellants are held to the same standard as are attorneys and must comply with the Supreme Court Rules, including Rule 84.04." *Livingston v. Schnuck Mkts., Inc.,* 184 S.W.3d 617, 618 (Mo.App. E.D.2006). "Rule 84.04 provides the requirements for appellate briefs, and an appellant's failure to comply with the rules and requirements of appellate procedure constitutes grounds for our dismissal of the appeal." *Id.*

▮ Appellant's statement of fact does not provide any citation to the transcript or legal file in support of his assertions of fact. "Rule 84.04(i) requires that '[a]ll statements of fact and argument shall have specific page reference to the legal

file or the transcript.'" *Block Fin. Corp. v. America Online, Inc.,* 148 S.W.3d 878, 890 (Mo.App. W.D.2004). "An appellant's compliance with this rule allows us to verify the evidence upon which that party relies to support its argument." *In re Marriage of Shumpert,* 144 S.W.3d 317, 321 (Mo. App. E.D.2004). "[T]his requirement is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record." *Brown v. Shannahan,* 141 S.W.3d 77, 80 (Mo.App. E.D. 2004). By failing to comply with the requirements of Rule 84.04(i), an appellant "wastes the time and resources of this court and thereby results in unfairness to parties with appeals pending who have observed the requirements of Rule 84.04." *State v. Westcott,* 121 S.W.3d 543, 545 n. 2 (Mo.App. W.D.2003).

Furthermore, Appellant's points relied on wholly fail to comply with Rule 84.04(d). As noted by the Missouri Supreme Court:

Points relied on are critical and must be stated as specified in Rule 84.04(d). The specific requirements for points relied on for review of a trial court decision are set out in subdivision (d)(1). That provision requires each point to (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. A point relied on which does not state wherein and why the trial court erred does not comply with Rule 84.04(d) and preserves nothing for appellate review. A point relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of

the brief, preserves nothing for appellate review.

*Storey v. State,* 175 S.W.3d 116, 126 (Mo. banc 2005) (internal quotation marks and citations omitted).

For his first point, Appellant claims the trial court erred in dismissing his petition "because Appellant brought suit under the Supremacy Clause, alleging violations of United States Constitution amendments five and fourteen, violation of the Missouri Constitution article one section thirty-one, and failure [sic] to comply with the mandatory language of Jackson County local rule 3.1." He further asserts that "the trial court's judgment was not supported by the evidence in that the Director of Revenue never entered an appearance for purposes of answering and/or defending against suit."

In his second point, Appellant contends that the dismissal was in error "because of the erroneous application of sections 1.210, 558.016, and 558.019.7, and 558.021.1(3)." He further claims that the "judgment was not supported by any evidence adduced by Director of Revenue or Respondent Bitler."

In his final point, Appellant states:

The trial court erred in granting Director of Revenue's motion to dismiss ... because counsel for the state misrepresented a material issue of fact in arguing for an extension of time to file a response to Appellant's motion for summary judgment under Federal Rules of Civil Procedure Rule 56 outside the time limit set for such response based on non-service to Director of Revenue when the

office of the Attorney General was not representing Director of Revenue.

None of Appellant's points relied on explain in summary fashion why, in the context of the case, his stated legal reasons support a claim that the trial court committed reversible error in granting the motion to dismiss. His claims simply cannot be discerned from his points relied on. For that matter, his arguments fail to shed much additional light on his claims.

■ Appellant's violations of Rule 84.04 render his claims on appeal indiscernible and incapable of review short of this Court acting as an advocate for Appellant, which we cannot do. "[I]t is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Blakey v. AAA Prof'l Pest Control, Inc.,* 219 S.W.3d 792, 794 (Mo. App. E.D.2007) (internal quotation omitted). "Appellate courts should not become advocates for an appellant by speculating about facts and arguments that have not been made." *Bishop v. Metro Restoration Servs., Inc.,* 209 S.W.3d 43, 47–48 (Mo.App. S.D.2006) (internal quotation omitted). We are, therefore, compelled to conclude that his points preserve nothing for appellate review and that his violations of Rule 84.04 warrant dismissal of his appeal.

■ We gratuitously note that, as found by the trial court, Appellant's petition failed to set forth ultimate facts that would support a cause of action and his legal claims were largely unintelligible. Though relatively incomprehensible, Appellant's points on appeal clearly do not challenge that finding by the trial court.[1]

---

1. At various points, Appellant does appear to argue that his pleadings were sufficient to satisfy the notice pleading requirement of the *federal rules of civil procedure.* "Unlike the 'notice pleading' requirements of federal courts, Missouri courts apply a 'fact pleading'

standard." *Charron v. Holden,* 111 S.W.3d 553, 555 (Mo.App. W.D.2003). Rule 55.05 requires that pleadings setting forth a claim for relief must contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Appellant was re-

The trial court properly granted the Bitler's motion to dismiss for failure to state a claim.[2]

The appeal is dismissed.

All concur.

quired to satisfy the fact pleading requirement of this rule in order to state a claim for relief in state court.

2. "Under Missouri pleading rules, to state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial." *Charron v. Holden,* 111 S.W.3d 553, 555 (Mo.App. W.D.2003). "The plaintiff has to plead ultimate facts, not conclusions, which, if true, support each and every proof element of his claim." *Doyle v. Crane,* 200 S.W.3d 581, 590 (Mo.App. W.D. 2006). "Where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Westphal v. Lake Lotawana Ass'n, Inc.,* 95 S.W.3d 144, 152 (Mo.App. W.D.2003) (internal quotation omitted).