Mark Anthony **MANZELLA**, Appellant,

v.

Mary Elizabeth **DORSEY** and Ahlheim & Dorsey, L.L.C., Respondents.

No. ED 90834.

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 2008.

---

Mark Manzella, Jefferson City, MO, pro se.

Mary Elizabeth Dorsey, St. Charles, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Mark Manzella appeals from the judgment of the trial court quashing service of process on Mary Dorsey ("Lawyer") and Ahlheim & Dorsey, L.L.C. ("Law Firm") and dismissing his lawsuit on the ground that it was filed outside the statute of limitations. We affirm in part, and remand the case to the trial court with instructions to vacate the order granting the motion to dismiss.

Manzella filed a lawsuit against Lawyer and Law Firm in the Circuit Court of St. Louis County, Missouri, on September 27, 2007. In this action, he alleged that Lawyer and Law Firm committed legal mal-

practice in their representation of him in a dissolution of marriage action. In particular, he alleged that malpractice occurred with regard to a marital settlement agreement that he signed on October 25, 2001, and with regard to a Qualified Domestic Relations Order granted by the court on January 16, 2002. On October 27, 2007, a deputy of the St. Charles County Sheriff's Department served process on Lawyer and Law Firm by leaving summons with Ulah Decker, a legal assistant ("Legal Assistant") employed by Law Firm. Legal Assistant was not authorized to accept service of process on behalf of Lawyer or on behalf of Law Firm, which is a limited liability company whose registered agent is the Missouri Secretary of State.

Thereafter, Lawyer and Law Firm entered what they termed a "special and limited" appearance "solely for purposes of arguing Motions to Quash and Motions to Dismiss" on their respective behalves, which included the affidavit of Legal Assistant attesting that she lacked authority to accept service of process for Lawyer and for Law Firm. The sole basis for dismissal asserted in the motion to dismiss was that Manzella's lawsuit, on its face, showed that it was filed after the statute of limitations had expired. Manzella filed a memorandum in opposition to the motion to quash and motion to dismiss. The trial court issued an order and judgment that granted the motion to quash service of process, and also granted the motion to dismiss. Manzella now appeals from this judgment.

■ We note initially that quashing of service of process is not normally an appealable order because it is not considered a final judgment in that it does not adjudicate the merits of the case. *Dillaplain v. Lite Industries, Inc.*, 788 S.W.2d 530, 532 (Mo.App.1990). Rather, it only adjudicates the validity of the particular service involved. *Id.* In addition, a dismissal for lack of *in personam* jurisdiction, or any other involuntary dismissal, is without prejudice unless specifically designated otherwise. Rule 67.03; *see also Dillaplain*, 788 S.W.2d at 532. However, if a motion is predicated on the basis of the petition failing to state a cause of action, it is considered a judgment on the merits, putting an end to the action, and therefore is an appealable order. *Dillaplain*, 788 S.W.2d at 532. *See also Watlow Electric Manufacturing Company v. Sam Dick Industries, Inc.*, 734 S.W.2d 295, 296 (Mo. App.1987) ("However, when the petition is also dismissed for particular reasons, the judgment may be appealable under the particular facts of the case.") As the appellate court noted in *Dillaplain*, "[c]onfusion abounds when, as here, the motion to quash and dismissal of the petition . . . are both sustained."

■ In the present case, the dismissal was not denominated as being with prejudice, so under Rule 67.03, it is presumed to be without prejudice. In general, a dismissal without prejudice is not appealable as it is not a final judgment, and it must be dismissed. *State ex rel. Bibbs v. Director of Revenue*, 237 S.W.3d 252, 254 (Mo.App. 2007). However, a party can appeal from a dismissal without prejudice " 'if the dismissal has the practical effect of terminating the action in the form cast.' " *Id.* at 254–55 (quoting *Jeffrey v. Cathers*, 104 S.W.3d 424, 428 (Mo.App.2003)). In this case, the trial court's judgment sustaining the motion to dismiss on the basis that the claim is barred by the statute of limitations has the practical effect of ending the litigation. Under the particular circumstances of this case, namely the trial court sustaining both the motion to quash service of process and the motion to dismiss based on the statute of limitations, the matter is appealable.

■ We will address Manzella's points relied on out of order. In his second point relied on, Manzella contends that the trial court erred by abusing its discretion to sustain the motion to quash service of process against Lawyer and Law Firm.

Section 347.033 RSMo 2000, which addresses service on limited liability companies provides that:

> 1. The registered agent so appointed by a limited liability company shall be an agent of such limited liability company upon whom any process, notice or demand required or permitted by law to be served upon the limited liability company may be served, and which, when so served, shall be lawful personal service on the limited liability company.
>
> 2. In lieu of service upon the registered agent, process, notice or demand may be served upon an authorized person or in the event neither the registered agent nor an authorized person can be located in the exercise of due diligence, process, notice or demand may be served upon an organizer.
>
> . . .

Under Rule 54.13(b), service upon an individual may be made as follows:

> Upon an individual, . . ., by delivering a copy of the summons and petition personally to the individual or by leaving a copy . . . at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy . . . to an agent authorized by appointed or required by law to receive service of process.

Manzella argues that process was served and perfected on Legal Assistant as an authorized agent of Law Firm and Lawyer, and accordingly should not have been quashed. However, Legal Assistant avowed in her affidavit that she was not an authorized agent of either Law Firm or Lawyer to receive service of process. There was no evidence offered to the contrary that would rebut this sworn statement, and the trial court did not err in finding it credible. Legal Assistant was not authorized to accept service of process for Law Firm or Lawyer, and accordingly, process was not served upon either party. The trial court did not err in quashing service of process. Point denied.

■ In Manzella's first point relied on, he asserts that the trial court lacked jurisdiction to sustain the motion to dismiss on the basis that the action was barred by the statute of limitations after having quashed service of process on Lawyer and Law Firm. We agree.

■ "[U]nless a defendant is served with process, or summoned, in a manner and form authorized by statute, the court is without authority to proceed." *State ex rel. Illinois Farmers Insurance Co. v. Gallagher,* 811 S.W.2d 353, 354 (Mo. banc 1991). Service of process is a predicate to the trial court's jurisdiction to adjudicate the rights of the defendant, and when the requirements for manner of service are not met, the court lacks the power to adjudicate. *Stiens v. Stiens,* 231 S.W.3d 195, 198 (Mo.App.2007). Lawyer and Law Firm did not receive service of process. When the trial court properly quashed service of process against them, it lost the jurisdiction to do anything further. Accordingly, the trial court lacked jurisdiction to consider the merits of the motion to dismiss Manzella's petition on the basis that it was barred by the statute of limitations and to grant that motion. *See id.* Assuming that process is served properly on Lawyer and Law Firm in the future, thereby giving the trial court *in personam* jurisdiction over those parties, the trial court could then consider the merits of a motion to dismiss on the basis that Manzella's action is barred by the

statute of limitations. Because the trial court was without jurisdiction to grant the motion to dismiss, we remand the case to the trial court with instructions to vacate the order granting the motion to dismiss. *See Williams v. Barnes & Noble, Inc.,* 174 S.W.3d 556, 562 (Mo.App.2005). Point sustained.

Having sustained Manzella's first point relied on, we need not address his third and fourth points relied on.

The judgment of the trial court is affirmed as to the grant of the motion to quash service of process, and remanded to the trial court with instructions to vacate the order granting the motion to dismiss.

ROY L. RICHTER, P.J., and GLENN A. NORTON, J., concur.