

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

| | | |
|---|---|---|
| LONNIE SNELLING, | ) | No. ED100890 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| KEVIN T. SEGBERS, et al., | ) | Hon. Christopher E. McGraugh |
| | ) | |
| Defendants/Respondents. | ) | FILED:  December 2, 2014 |

Lonnie Snelling appeals from the judgment of the trial court dismissing without prejudice his Second Amended Petition for failure to prosecute.  We dismiss the appeal.

On May 15, 2013, a deputy sheriff attempted to serve process on Kevin Segbers ("Segbers") by leaving a summons and petition with his father, Thomas Segbers ("Father") at the latter's residence.  The case was set for July 15, 2013.   On July 15, 2013, Snelling called up his Motion for Judgment on the Pleadings against defendants Segbers, Father, and Patricia Clarke, the mother of Segbers ("Mother").   Mother's counsel stated that he was entering a special appearance on behalf of Segbers to quash service of process.  Snelling objected to the lack of notice on this oral motion.  The trial court noted this and stated that it would grant leave to Snelling to file anything that he wanted to file in opposition to the motion and that the trial court would keep the matter open for any additional evidence if either Snelling or Segbers wished to present anything further.  The trial court held a hearing on the oral Motion to Quash.  Father testified that Segbers was his son, but that he did not reside at Father's house for more than a

year prior to the attempted service of process. Snelling participated in this hearing and cross-examined Father. The trial court issued a Memorandum, Judgment and Order on July 15, 2013, in which it took a number of motions under consideration, and specifically found that all parties waived any notice requirement. Snelling did not present any additional evidence at that hearing or thereafter, but rather filed a Motion to Set Aside and Strike Father's testimony regarding the validity of the purported service on Segbers. Segbers filed a written Motion to Quash on August 19, 2013.

The trial court issued an order on August 22, 2013. It found Father to be credible. It also found that it was appropriate for it to take up the jurisdictional issue about lack of proper service prior to addressing Snelling's Motion for Judgment on the Pleadings. The trial court stated that any issue with lack of notice was cured by leaving the hearing open and providing Snelling with the opportunity to present any additional evidence or otherwise to respond. It noted that Snelling did not contend that the sheriff's deputy had personal knowledge of Segbers's residence, and that Segbers did not claim that the summons and petition were not left with Father, but rather that service left with Father was not valid service on himself. It found that neither Snelling's certificate of service of the Motion to Set Aside and Strike nor his Notice of Hearing on the motion indicated that he had served Segbers. Accordingly, the trial court granted Segbers's Motion to Quash, and quashed the purported service of process on him.

On September 25, 2013, Snelling requested that the trial court issue an alias/pluries summons to be issued to Segbers "at an address Defendant does not reside and special process server appointment." The trial court set Snelling's requests for hearing on October 3, 2013, and also on its own motion ordered Snelling to show cause why his case should not be dismissed for failure to prosecute. Snelling filed a short response to the trial court order, but the trial court

found that Snelling failed to prosecute the case, and dismissed the cause without prejudice on October 3, 2013.

On November 4, 2013, Snelling filed what he denominated as a Motion for New Trial, along with an affidavit with an attached exhibit of an unauthenticated copy of Segbers's Missouri Driver's License from the Missouri Department of Revenue that apparently showed that Segbers listed Father's address as his residence on August 3, 2011. The trial court treated this filing by Snelling as a Motion for Reconsideration, and held a hearing on December 9, 2013. The trial court denied this Motion for Reconsideration in an order dated December 13, 2013. It noted that in contrast to Silizny v. Williams, 347 S.W.3d 594 (Mo. App. 2008), cited by Snelling in support of his motion, that Snelling only offered "an inadmissible piece of evidence purported to be a Missouri Department driving record indicating that [Segbers] resided at [Father's] address in 2011, two years prior to the service date." Accordingly, the trial court was not persuaded that it erred in quashing service of Segbers at Father's address. It also observed that Snelling failed to provide "any evidence" that would support the issuance of an alias summons to an address that the trial court had heard evidence had not been Segbers's residence for more than a year. Accordingly, the trial court was not persuaded that it erred in dismissing Snelling's case for failure to prosecute. Snelling now appeals.

Snelling raises four points on appeal. In his first point relied on, Snelling contends that the trial court erred in holding a hearing on the July 15, 2013 oral Motion to Quash that same day because the inadequate notice deprived him of his due process rights and to a meaningful hearing. In his second point relied on, Snelling argues that the trial court erred by erroneously declaring and applying the law in its order of August 22, 2013, because the record before the trial court from the July 15, 2013 hearing was "devoid of any clear and convincing evidence" that

Segbers intended to change his address from Father's address and did not impeach the deputy sheriff's return of service of process. In his third point relied on, Snelling asserts that the trial court erred in its October 3, 2013 order dismissing without prejudice his cause of action against Segbers because it abused its discretion in that the record did not show any delay in prosecuting the case. In his fourth point relied on, Snelling avers that the trial court erred in denying his "Motion for a New Trial."

We observe that Snelling is effectively attempting to appeal trial court decisions that are not appealable. The quashing of service of process is normally not an appealable order because it is not considered a final judgment in that it does not adjudicate the merits of the case, but rather only adjudicates the validity of the particular service involved. Manzella v. Dorsey, 258 S.W.3d 501, 503 (Mo. App. 2008). Moreover, a dismissal for lack of *in personam* jurisdiction, or any other type of involuntary dismissal, is generally without prejudice unless the trial court specifically designated otherwise. Rule 67.03; see also Manzella, 258 S.W.3d at 503.[1] In his first, second, and fourth points relied on Snelling essentially is trying to appeal the trial court's action in quashing the purported service of process on Segbers, which is not appealable.[2]

Snelling's third point relied on also is not appealable. The trial court dismissed Snelling's case without prejudice for failure to prosecute. Snelling does not assert that the dismissal was with prejudice or that the dismissal had the practical effect of terminating the

---

[1] A dismissal without prejudice may in some cases be appealable if, under the particular circumstances of the case, the dismissal has the practical effect of ending the action in the form cast. See Manzella, 258 S.W.3d at 503 (quoting Jeffrey v. Cathers, 104 S.W.3d 424, 428 (Mo. App. 2003)).

[2] We also note that if these points were reviewable by this Court, the record reflects that there is no merit to them. Regarding Snelling's contention in his first point that he was denied due process by lack of notice, the trial court found that all parties waived any lack of notice in its Memorandum, Judgment and Order of July 15, 2013. Snelling participated in the hearing by cross-examining Father. He also was given the opportunity to present any additional evidence thereafter, such as the testimony of the deputy sheriff who tried to serve process on Segbers at Father's house, but he chose not to present any further evidence. Concerning Snelling's claims in his second and fourth points relied on, the trial court found Father to be a credible witness. Credibility determinations by the finder of fact are not subject to review by this Court.

4

litigation that would make this effectively a final judgment.  <u>See</u> <u>id</u>.  Rather, Snelling argues that the trial court abused its discretion because there was no evidence that he delayed in prosecuting this action but rather showed a determination to proceed by requesting an alias summons.

The record does not clearly reflect that the trial court's actions resulted in an effective termination of the appellant's cause of action.   Consequently, the appeal must be dismissed for lack of a final, appealable judgment.

_____
CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, P.J., concurs.
Glenn A. Norton, J., concurs.