

# Missouri Court of Appeals

## Southern District

### Division One

|  |  |  |
|---|---|---|
| IN THE INTEREST OF: | ) | |
| J.J.R.H., a minor child | ) | No. SD37202 |
|  | ) | Filed: April 20, 2022 |
|  | ) | |

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Eric D. Eighmy, Associate Circuit Judge

**<u>AFFIRMED</u>**

Natural father, C.R.H. (Father), appeals from a judgment of adoption of his minor child, J.J.R.H. (Child), by Father's mother and stepfather, T.D.K. and K.E.K. (hereinafter referred to collectively as Grandparents). The adoption was granted at a hearing at which Father did not appear. Service upon him had been obtained by publication.

On appeal, Father contends the trial court erred in granting the adoption because the court failed to strictly follow procedures required for service of process by publication. As a result, Father argues that the court lacked personal jurisdiction to enter the adoption judgment against Father. Because Father cannot raise the issue of personal jurisdiction for the first time on appeal, we affirm the judgment of adoption.

Child was born in September 2015. Soon thereafter, Father and mother reached an agreement awarding sole legal and physical custody to Grandparents, subject to parenting

time with Father and mother.  At that time, Father was in prison.  At some point prior to March 2020, Father was released from prison and placed on parole.

On March 26, 2020, Grandparents filed a petition for adoption.  The petition alleged that Father's consent to the adoption was not required because he "willfully abandoned" Child for a period of at least six months immediately prior to the filing of the petition for adoption, and "continuously neglected" to provide Child with necessary care and support.  Father was served by publication.  He did not file a motion or an answer raising lack of personal jurisdiction over him.  On January 14, 2021, an adoption hearing was held.  Grandparents appeared with Child, but Father did not appear.  Later that same day, the trial court entered the adoption judgment.

In August 2021, this Court granted Father's motion to file a late notice of appeal.  This appeal followed.  Each of Father's two points contend the trial court erred in entering the adoption judgment against Father because the court lacked personal jurisdiction over him.  This issue is being raised for the first time on appeal.

"Unlike subject matter jurisdiction, personal jurisdiction objections can be waived if not timely and properly raised."  ***Ball v. Ball***, 638 S.W.3d 543, 554 (Mo. App. 2021).  A defense of lack of personal jurisdiction is waived if it is neither made by motion pursuant to Rule 55.27 nor included in a responsive pleading.  Rule 55.27(g)(1)(A)(B) (defense of "[l]ack of jurisdiction over the person" is waived if "[n]either made by motion under this Rule 55.27 nor included in a responsive pleading").[1]  Failure to raise the issue of lack of personal jurisdiction in an adoption case via Rule 55.27 motion or in an answer means the issue is waived:

---

[1]  All rule references are to Missouri Court Rules (2021).

> A defendant must raise any challenges to the trial court's personal jurisdiction, the sufficiency of process, and the sufficiency of service of process in either a pre-answer motion or as a defense in the answer. Rule 55.27(g)(1); *Worley*, 19 S.W.3d at 129. The failure to raise these issues at the first opportunity results in waiver of any challenges to the trial court's personal jurisdiction, the sufficiency of process, and the sufficiency of service of process. Rule 55.27(g)(1); *see also Stiens v. Stiens*, 231 S.W.3d 195, 199 (Mo. App. W.D. 2007).

*Int. of A.R.B.*, 586 S.W.3d 846, 859 (Mo. App. 2019); *see also **Dieckmann v. JH Constr. 2, LLC***, 619 S.W.3d 513, 520 (Mo. App. 2021) (an allegation of error concerning lack of personal jurisdiction cannot be properly raised for the first time on appeal); ***State ex rel. Nixon v. Koonce***, 173 S.W.3d 277, 280 (Mo. App. 2005) (same holding). Because the issue of personal jurisdiction raised in each point on appeal was waived by Father, we deny his points and affirm the judgment.[2]

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR

---

[2]    Although we cannot address the merits of Father's personal-jurisdiction arguments in this appeal, he may have a remedy pursuant to Rule 74.06(b)(4), since he contends the judgment is void.