

# Missouri Court of Appeals
## Southern District

### In Division

CHAD HOOD,                              )
                                        )
    Plaintiff-Appellant,            )
                                        )
v.                                      )          No. SD38064
                                        )
HALE FIREWORKS, LLC,                    )          **Filed:  March 5, 2024**
                                        )
    Defendant-Respondent.           )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier

**<u>AFFIRMED</u>**

This appeal seeks to reinstate a default judgment that Chad Hood ("Plaintiff")

obtained against Hale Fireworks, LLC ("Defendant").  In two points on appeal, Plaintiff

claims the circuit court erred in granting Defendant's Rule 74.06 motion[1] to set aside the

default judgment on the ground that the court lacked personal jurisdiction over Defendant

---

[1] All rule references are to Missouri Court Rules (2023).  Defendant filed its original motion more than one year—approximately seventeen months—after the default judgment was entered.  Nevertheless, a motion to set aside a default judgment under Rule 74.06(b)(4) or (5), as here, need not be filed within one year.  Rule 74.06(c).  A motion filed in the original case is sufficiently treated as an independent action in equity under Rule 74.06(d).  *See **Mathers v. Allstate Ins. Co.**,* 265 S.W.3d 387, 390-91 (Mo. App. W.D. 2008).  In addition, "[a] default judgment, being void due to lack of jurisdiction, remains void forever, and any kind of proceeding to cancel it is proper."  ***Shapiro v. Brown***, 979 S.W.2d 526, 528 (Mo. App. E.D. 1998).

in the underlying case due to improper service of process.[2]  Finding no merit in that claim, we affirm.

## Standard of Review

Generally, we review a trial court's decision to set aside a default judgment for abuse of discretion. ***Bate v. Greenwich Ins. Co.***, 464 S.W.3d 515, 517 (Mo. banc 2015). "Judicial discretion is abused only when that ruling was clearly against the logic of the circumstances then before the trial court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." ***First Bank of the Lake v. White***, 302 S.W.3d 161, 165 (Mo. App. S.D. 2009) (internal quotations omitted). However, when the moving party argues that the default judgment is void, our review is *de novo*. ***Bate***, 464 S.W.3d at 517.

## The Evidence[3]

The underlying circumstances in this case are not in dispute.  Defendant is organized as a LLC.  At the time Plaintiff was attempting to serve Defendant, its designated registered agent was attorney Gabrielle White ("Registered Agent").  Her listed address with the Missouri Secretary of State was 1200 E. Woodhurst Drive, Suite G-300, Springfield, Missouri 65804.[4]  After Plaintiff filed his petition, he hired Ryan

---

[2] The method of service of process chosen by Plaintiff was personal service by a specially-appointed person as authorized in section 506.140.1. A limited liability company ("LLC") is required to designate an agent for purposes of receiving "any process, notice or demand required or permitted by law to be served upon the [LLC] may be served, and which, when so served, shall be lawful personal service on the [LLC]." Section 347.033.1 Unless otherwise indicated, all statutory references are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

[3] We view the evidence in the light most favorable to the circuit court's judgment, which requires us to accept as true all evidence and inferences that support the judgment and disregard all contrary evidence and inferences. ***Sugar Ridge Props. v. Merrell***, 489 S.W.3d 860, 868-69 (Mo. App. S.D. 2016).

[4] Defendant selected Registered Agent to be its registered agent by a "Statement of Change of Registered Agent and/or Registered Office By a Foreign or Domestic For Profit or Nonprofit Corporation or a Limited Liability Company" filed with the Missouri Secretary of State's office on February 8, 2016.

Keating ("Process Server") to serve the petition and summons on Defendant. Instead of giving the petition and summons to Registered Agent, Process Server gave them to Becky Chumbley ("Office Manager"), the office manager of the law office in which Registered Agent practiced law. Any additional evidence necessary to resolve Plaintiff's points will be included in our following analysis.

**Analysis**

*Point 1 – Service Satisfied Requirements of Rule 54.13*

"Unless a defendant is served with process, or summoned, in a manner and form authorized by statute, the court is without authority to proceed." ***Manzella v. Dorsey***, 258 S.W.3d 501, 504 (Mo. App. E.D. 2008) (internal quotation omitted). "Service of process is a predicate to the trial court's jurisdiction to adjudicate the rights of the defendant, and when the requirements for manner of service are not met, the court lacks the power to adjudicate." ***Id.***

The requirements for service of process on a LLC are set forth as follows in section 347.033:

1. The registered agent so appointed by a limited liability company shall be an agent of such limited liability company upon whom any process, notice or demand required or permitted by law to be served upon the limited liability company may be served, and which, when so served, shall be lawful personal service on the limited liability company.

2. In lieu of service upon the registered agent, process, notice or demand may be served upon an authorized person or in the event neither the registered agent nor an authorized person can be located in the exercise of due diligence, process, notice or demand may be served upon an organizer[.]

3

Likewise, Rule 54.13(b)(3) states that personal service shall be made:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, when it may be sued as such, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process.

Here, Plaintiff agrees that Process Server delivered the summons and petition to Office Manager, not to Registered Agent, the individual that Defendant designated as its registered agent with the Missouri Secretary of State.

Although there was no written contract between Defendant and Registered Agent, a company representative of Defendant testified that Defendant had never told Registered Agent or Office Manager that Officer Manager could accept service on Defendant's behalf, and Officer Manager did not purport to have accepted service on Registered Agent's behalf.

Registered Agent, personally, was Defendant's designated registered agent, not Registered Agent's law office serving in a corporate capacity as a commercial registered agent. Thus, the fact that Office Manager was an employee of the law office in which Registered Agent worked was of no significance, and Office Manager was not employed by Defendant.[5]

---

[5] Plaintiff also argues in his brief that Office Manager was "authorized by appointment . . . to receive service of process" under Rule 54.13(b)(3) because Office Manager worked for Registered Agent's law office since 2005, Office Manager was in fact employed on the day of service, and Office Manager had previously accepted service of process on behalf of Defendant in other litigation. Because this claim was not raised in a point relied on, it was not preserved for appellate review. *Hale v. Burlington N. & Santa Fe Ry. Co.*, 638 S.W.3d 49, 61 (Mo. App. S.D. 2021) ("Claims of error raised in the argument portion of a brief that are not raised in a point relied on are not preserved for our review") (internal quotation omitted).

Based upon the undisputed facts, we cannot conclude that the circuit court erred as a matter of law in ruling that it did not acquire personal jurisdiction over Defendant and the default judgment entered against Defendant was thereby void.  Point 1 fails.

*Point 2 – Denial of Motion to Amend Process Server's Return*

We need not address Plaintiff's second point because it was not presented to and ruled on by the circuit court.[6]  During a hearing, Plaintiff stated that he was intending to ask leave to amend Process Server's sworn service return.  But no such motion was filed until after the circuit court entered its final judgment that set aside the previous default judgment.  *See **Fouts v. Regency N. Acquisition, LLC***, 569 S.W.3d 463, 466-67 (Mo. App. W.D. 2018) ("We will not convict a trial court of error for an issue not presented for its determination") (internal quotation omitted); *see* Rule 78.07(b) (in a bench tried case, a motion for new trial is not necessary to preserve a matter for appellate review, but only "*if the matter was previously presented to the trial court*" (emphasis added)).

The judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[6] Plaintiff's second point claims the circuit court erred in denying his motion that sought leave to amend the return of service to conform to the "true facts of service" based upon an affidavit of Process Server.  The affidavit stated that when Process Server completed the return of service, he incorrectly selected the box that stated he certifies that he served the summons and petition by "leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with [Office Manager], a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent."  In addition to incorrectly stating that Registered Agent's address was the dwelling place or usual abode of Defendant, it also incorrectly stated that Office Manager was a family member who resides with Defendant.  But even if the circuit court had reviewed and granted his motion to amend the return of service to conform with the affidavit, it would not have changed the outcome as the petition and summons were not served on Defendant's registered agent as required by law.