

# Missouri Court of Appeals
## Southern District
### Division Two

ALLAN WILLIAM WELCH, )
)
    Petitioner-Respondent, )
)
vs. ) No. SD33344
)
DIRECTOR OF REVENUE, ) Filed July 31, 2015
)
    Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Ewing Mitchell Hough, Circuit Judge

AFFIRMED

Director of Revenue ("Director") appeals from the trial court's judgment reinstating the driving privileges of Allan William Welch. In two separate but related points, Director argues that the trial court erred in reinstating Welch's driving privileges because (1) the trial court failed to evaluate Welch's criminal history and (2) Welch's alleged 2005 chemical refusal revocation made him ineligible for reinstatement. Finding no merit in either of Director's points, we affirm the trial court's judgment.

### Factual and Procedural Background

On July 2, 2002, Director suspended the driving privileges of Welch for a ten-year period due to Welch's multiple convictions relating to driving while intoxicated. On March 13, 2013, Welch filed an application for reinstatement of his driving privileges, as provided in section

1

302.060.1(9),[1] alleging that the ten-year suspension of his driving privileges had expired and he was eligible to apply to have his driving privileges reinstated.

Director moved to dismiss Welch's application, contending that Welch was statutorily ineligible for reinstatement of his driving privileges, in that Welch had an "alcohol-related enforcement contact as defined in section 302.525 during the preceding ten years, to wit: a Chemical Refusal Revocation on August 23, 2005." Attached to the motion to dismiss, Director submitted Exhibit A, which included a "Certification Pursuant to §302.312, RSMo[,]" certifying that the records constituting Exhibit A "are true and accurate copies of papers, documents, and records lawfully deposited or filed in the offices of the Missouri Department of Revenue[,]" and Welch's Missouri Driver Record, dated March 21, 2013, which revealed a "Chemical Refusal

---

[1] References to section 302.060.1(9) are to RSMo Cum.Supp. 2012. As relevant here, section 302.060.1(9) provides:

> 1. The director shall not issue any license and shall immediately deny any driving privilege:
>
> * * * *
>
> (9) To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction, including the results of a criminal history check as defined in section 302.010. If the court finds that the petitioner has not been convicted, pled guilty to or been found guilty of, and has no pending charges for any offense related to alcohol, controlled substances or drugs *and has no other alcohol-related enforcement contacts as defined in section 302.525* during the preceding ten years and that the petitioner's habits and conduct show such petitioner to no longer pose a threat to the public safety of this state, the court may order the director to issue a license to the petitioner if the petitioner is otherwise qualified pursuant to the provisions of sections 302.010 to 302.540. No person may obtain a license pursuant to the provisions of this subdivision through court action more than one time.

(Emphasis added.) "Alcohol-related enforcement contacts" include:

> any suspension or revocation under section 302.500 to 302.540, any suspension or revocation entered in this or any other state for a refusal to submit to chemical testing under an implied consent law, and any conviction in this or any other state for a violation which involves driving while intoxicated, driving while under the influence of drugs or alcohol, or driving a vehicle while having an unlawful alcohol concentration.

Section 302.525.3, RSMo Cum.Supp. 2012.

2

Revocation effective on 9-07-2005[,]" resulting from an offense that occurred on August 23, 2005. This entry also states "Action is **Stayed Appealed** as of **9-07-2005**[.]" In his written response to Director's allegation that Welch had an alcohol-related enforcement contact on August 23, 2005, Welch stated, "said alleged contact has never been adjudicated administratively as to its validity since said action has been stayed."

The parties appeared for hearing and, in addition to Exhibit A, Director offered into evidence Exhibit B, "a new driving record" with the stay removed, along with the oral explanation by Director's counsel that the stay order noted in Exhibit A related to the chemical refusal revocation was a "computer error" and the stay should have been applied to Welch's application for limited driving privileges in another county rather than the chemical refusal action. Both parties conceded that Welch had "not been convicted, pled guilty, or found guilty of and there are no pending charges of any offense related to alcohol[,]" and the point of contention during the hearing was whether Director's evidence established an alcohol-related enforcement contact as defined in section 302.525.

Welch testified that he had not been convicted of any alcohol, controlled substance, or drug-related offenses during the preceding ten-year period; he had been married for three years, had two children, and had attended church for nine years. Welch stated he volunteered his time doing construction work for people in need, helped with vacation bible school, and coached his children in baseball, soccer, and basketball. For the preceding seven years, Welch owned a successful contracting and remodeling business. He also testified that he attended Alcoholics Anonymous, participated in substance-abuse counseling, and sponsors other gentlemen struggling with alcoholism. On cross-examination, Welch testified he was arrested by Joplin Police Department on August 5, 2005, that he refused the chemical test, and he was charged in

3

Jasper County for felony driving while intoxicated. That charge was reduced to a "careless and imprudent driving" misdemeanor. Welch did not recall filing a petition for review on the chemical refusal. At the time of the hearing, Welch did not drive and rode with an employee to and from work.

The trial court concluded that "Welch has not been convicted of any offenses related to alcohol, controlled substances, or drugs, and that his current habits and conduct reveal that he no longer poses [a] threat to the public safety, nor to the citizens of the State of Missouri[,]" and "that Welch has completed all requirements for reinstatement and is now therefore eligible for reinstatement." The trial court admitted both Exhibits A and B into evidence, but expressly found that it "disbelieve[d] the evidence presented by Exhibit B" and "d[id] not find it credible." The trial court further explicitly found that Director's "exhibits lack in credibility to deny Welch's statutory eligibility for reinstatement." Director filed a Motion to Amend the Order asking the court to denominate its order as a judgment. In response, the trial court ordered that its earlier decision be "entered as Final Order and Judgment," thereby ordering that "the Missouri Department of Revenue administer the written and skills driving test to Welch." Director timely appeals.[2]

**Standard of Review**

On appeal, "the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *White v. Dir. of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010). "In reviewing a particular issue that is contested, the nature of the appellate court's review is directed

---

[2] Petitioner did not file a responsive brief in this matter. "'While there is no penalty for that omission, it requires this court to adjudicate [an appellant's] claims of error without the benefit of whatever argument, if any, [the respondent] could have made in response.'" *White v. Dir. of Revenue*, 255 S.W.3d 571, 576 n.4 (Mo.App. 2008) (quoting *In re Estate of Klaas*, 8 S.W.3d 906, 908 (Mo.App. 2000)).

by whether the matter contested is a question of fact or law." *Id.* at 308. "When evidence is contested by disputing a fact in any manner, this [c]ourt defers to the trial court's determination of credibility." *Id.* Trial courts are free to disbelieve any, all, or none of the evidence. *Id.* Questions of law are reviewed *de novo*. *Id.*

### Discussion

In the first point relied on, Director contends

> [t]he trial court erred as a matter of law in reinstating [Welch's] driving privileges, because a driver is statutorily ineligible for license reinstatement from a minimum ten-year license denial unless he shows that he has no alcohol-related enforcement contacts as defined in section 302.525 during the preceding ten years and the court evaluates the results of his criminal history check, in that, [Welch] has a chemical refusal revocation effective September 07, 2005, and the trial court did not evaluate [Welch's] criminal history check.

In the proceedings in the trial court below, Director never raised any issue regarding the trial court's failure to evaluate Welch's criminal history check. "Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." *Robbins v. Robbins*, 328 S.W.2d 552, 555 (Mo. 1959) (internal quotations and citation omitted).

> "'An issue that was never presented to or decided by the trial court is not preserved for appellate review.'" *Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014) (quoting *State ex rel. Nixon v. Am. Tobacco Co., Inc.*, 34 S.W.3d 122, 129 (Mo. banc 2000)). As required by rule 78.09, the trial court must be given the opportunity to rule on a question.[] *Brown*, 423 S.W.3d at 787. Adherence to this rule assists in resolving any alleged error at the earliest possible opportunity by "allowing the trial court to rule intelligently." *Id.* at 787-88. It is a critical component in the efficient and timely resolution of disputes and the conservation of the parties' and the courts' limited resources. *Id.* at 788.

*In re Marriage of Harris*, 446 S.W.3d 320, 324 (Mo.App. 2014). This allegation of error will not be addressed on appeal because it is not preserved for review, in that Director did not first present the issue to the trial court to afford the trial court an opportunity to rule.

5

The remaining allegation of error raised by Director in the first point relied on is echoed in the second point, wherein Director claims

> [t]he trial court misinterpreted and misapplied the law in reinstating [Welch] from his minimum ten-year license denial, because, under the plain language of section 302.060.1(9), RSMo, a driver is statutorily ineligible for license reinstatement from a minimum ten-year denial if the driver has an alcohol-related enforcement contact as defined in section 302.525 during the preceding ten years, in that [Welch's] driving record shows he has a chemical refusal revocation effective September 07, 2005.

Both of Director's points claim that the trial court erred as a matter of law or misapplied or misinterpreted the law in reinstating Welch's driving privilege because Welch had, and his driving record shows he has, a chemical refusal revocation effective September 7, 2005. Director's claim of legal error, therefore, is premised upon the fact that Welch had a chemical refusal revocation effective September 7, 2005. The only evidence in the record supporting the existence of that fact is Director's Exhibit B that the trial court determined was not credible.

Section 302.060.1(9) provides that Welch may petition the circuit court for reinstatement of driving privileges, "and the court may order the director to issue a license" if Welch is otherwise qualified and

> has not been convicted, pled guilty to or been found guilty of, and has no pending charges for any offense related to alcohol, controlled substances or drugs and has no other alcohol-related enforcement contacts as defined in section 302.525 during the preceding ten years and that the Welch's habits and conduct show such Welch to no longer pose a threat to the public safety of this state[.]

Director initially proffered Exhibit A, consisting of Welch's March 21, 2013 driver record, to dispute Welch's claim. In reference to an alleged chemical refusal revocation, Exhibit A showed only that that issue was stayed pending appeal. Exhibit A showed no adjudication on this issue. Director next offered Exhibit B, purportedly a revised and accurate April 23, 2013 driver record that contained no reference to any issue that had been stayed pending appeal. However, it is clearly apparent that the trial court had serious concerns about the veracity of

6

Exhibit B.  Throughout the transcript, the trial court questioned the procedure employed by Director in changing Welch's Missouri Driver Record, as well as the impact upon the proceedings at hand, stating, for example:

> I said before and I say again I'm very concerned about the Director's ability to walk across the hall and get a certified record different from the certified record they got the first time without anything in that second record to reflect the basis of that change, other than the good faith statements of [Director's counsel], which I have no reason to disbelieve, but – but they're not evidence.  They don't – [Director's counsel's] statements of explanation don't fall under 312.  It is not certified by the Director."

In the end, the trial court determined that both exhibits "lack in [credibility] to deny Welch's [eligibility] for reinstatement[,]" and that both "are inconsistent and that the credibility of Exhibit B is put in question."

Section 302.312, RSMo 2000, "authorizes the admission of the director's records in evidence in court," *Doughty v. Director of Revenue*, 387 S.W.3d 383, 386 (Mo. banc 2013), when "properly certified by the appropriate custodian or the director[,]" Section 302.312.  The trial court, however, is free to disbelieve any, all, or none of the evidence presented by Director. *Pearson v. Koster*, 367 S.W.3d 36, 44 (Mo. banc 2012).  Because Director's claim of legal error is factually premised upon the veracity of Exhibit B, the trial court's determination that it was not credible forecloses any further consideration of the claim.  *See* **Snelling v. Segbers**, 450 S.W.3d 493, 496 n.2 (Mo.App. 2014) ("Credibility determinations by the finder of fact are not subject to review by this Court.").  Points 1 and 2 are denied.

## Decision

The trial court's judgment is affirmed.


GARY W. LYNCH, J. – Opinion author

MARY W. SHEFFIELD, P.J. – concurs

DON E. BURRELL, J. – concurs