

# Missouri Court of Appeals

## Southern District

### Division One

In the Matter of:                                )
B.R.R., a minor child,                      )
                                                          )
JOANNA DENICE ROGERS and    )
TRACY W. ROGERS                        )
      Petitioners-Appellants,          )
                                                          )
v.                                                       )          No. SD33714
                                                          )          Filed:  April 26, 2016
MISSOURI DEPT. OF SOCIAL SERVS.,    )
CHILDREN'S DIVISION and            )
TENA WENDERSKI,                         )
      Petitioners-Respondents.      )

### APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable W. Keith Currie, Associate Circuit Judge

**<u>AFFIRMED</u>**

Tracy and Joanna Rogers, husband and wife (the Rogers), appeal from a judgment entered by the probate division of the circuit court appointing Tena Wenderski (Wenderski) guardian of B.R.R. (Child).  Relying upon § 211.093, the Rogers contend the trial court lacked "statutory jurisdiction" to enter its judgment because a juvenile proceeding involving Child was pending.[1]  Finding no merit in this contention, we affirm.

---

[1]  All statutory references are to RSMo (2000).  All rule references are to Missouri Court Rules (2015).

**Factual and Procedural Background**

Child was born in April 2014 and tested positive for methamphetamine. The next day, the Missouri Department of Social Services, Children's Division (the Children's Division), filed a petition for protective custody in the juvenile division of the Circuit Court of Pemiscot County (hereinafter referred to as the juvenile case).[2] The case was assigned to the Honorable W. Keith Currie, who entered an order removing Child from his mother's custody. At that time, Kevin Rash (Rash), Joanna Roger's brother, was believed to be Child's father. Acting upon that belief, the Children's Division placed Child in the physical custody of the Rogers upon Child's discharge from the hospital.

In May 2014, Judge Currie ordered that Child be placed in the legal custody of the Children's Division and gave it the authority to make an appropriate physical placement. Mounting doubt as to Child's paternity prompted the Children's Division to order a paternity test. On August 27, 2014, before the test was conducted, the Children's Division informed the Rogers that it intended to place Child in the physical custody of Wenderski. She was Child's maternal aunt and had physical custody of two of Child's half-siblings. That same day, the Rogers filed a petition in the probate division of the Circuit Court of Pemiscot County (the guardianship case) seeking to have them appointed as Child's co-guardians. The guardianship case also was assigned to Judge Currie.

In response to the Roger's petition, the Children's Division filed a motion to dismiss or continue the guardianship case based upon the pendency of the juvenile case. The Rogers filed written objections. After hearing argument on the motion, the

---

[2] Pursuant to this Court's order, the Children's Division filed a supplemental legal file containing certified copies of documents from the juvenile case that are relevant to this appeal. *See In re T.L.F.*, 184 S.W.3d 642, 643 n.1 (Mo. App. 2006) (utilizing the same procedure to obtain relevant documents in an appeal involving competing adoption petitions brought in separate cases).

guardianship case was continued. After a paternity test revealed that Rash was not Child's biological father, the Children's Division filed its own petition in the guardianship case requesting that Judge Currie appoint Wenderski as Child's guardian.

In December 2014, a consolidated hearing was held on the parties' competing petitions. On December 22, 2014, Judge Currie entered a judgment in the guardianship case appointing Wenderski as Child's guardian. Two days later, the Children's Division filed a motion asking Judge Currie to terminate the juvenile case due to the entry of the judgment in the guardianship case. The juvenile case was terminated that day. The Rogers now appeal from the judgment entered in the guardianship case.

**Discussion and Decision**

The Rogers contend that the judgment entered in the guardianship case was null and void because the trial court lacked "statutory jurisdiction" to appoint Wenderski as guardian for Child so long as the juvenile case was pending. This contention lacks merit because it improperly conflates the separate legal concepts of jurisdiction and statutory authority.

The nub of the problem lies with the Rogers' description of the legal issue in this appeal as a lack of "statutory jurisdiction[.]" As applied to cases brought in circuit court, this phrase is an oxymoron and provides no basis for relief. In *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), our Supreme Court explained that:

> Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. These two kinds of jurisdiction—and there are only two for the circuit courts—are based upon constitutional principles. Personal jurisdiction is, for the most part, a matter of federal constitutional law. Subject matter jurisdiction is governed by article V of the Missouri Constitution.

3

*Id*. at 252.  The Rogers do not contend the trial court in the guardianship case lacked either subject matter or personal jurisdiction.  Instead, their appeal is based upon the language in § 211.093, which states:

> Any order or judgment entered by the court under authority of this chapter or chapter 210 shall, so long as such order or judgment remains in effect, take precedence over any order or judgment concerning the status or custody of a child under age twenty-one entered by a court under authority of chapter 452, 453, 454 or 455, but only to the extent inconsistent therewith.

*Id*.  The Rogers argue that, so long as the juvenile case was pending, this statute precluded the trial court from proceeding in the guardianship case and rendered all actions taken therein null and void.  As our Supreme Court explained in *J.C.W.*, however, the granting of relief not authorized by statute is not jurisdictional in nature.  *J.C.W.*, 275 S.W.3d at 254.  Rather, "[w]hen a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant."  *Id*. at 255.[3]

 Because the Rogers' claim of error is not jurisdictional, we can review for legal error only.  *See In re Marriage of Hendrix*, 183 S.W.3d 582, 590 (Mo. banc 2006); *Schmidt v. State*, 292 S.W.3d 574, 576-77 (Mo. App. 2009).  The Rogers, however, are precluded from advancing a legal-error-argument in this appeal for two reasons.  First, the legal issue they have briefed on appeal was not presented to or decided by the trial

---

[3]  The Rogers support their "statutory jurisdiction" argument with citations to several cases that were decided before *J.C.W.  See State ex rel. Dubinsky v. Weinstein*, 413 S.W.2d 178 (Mo. banc 1967); *In re the Marriage of Denton*, 169 S.W.3d 604 (Mo. App. 2005); *Ogle v. Blankenship*, 113 S.W.3d 290 (Mo. App. 2003); *Miller v. Russell*, 593 S.W.2d 598 (Mo. App. 1979); *State ex rel. McCarty v. Kimberlin*, 508 S.W.2d 196 (Mo. App. 1974).  To the extent these cases described statutory noncompliance as a jurisdictional defect, that analysis is no longer valid in light of *J.C.W.  See Schmidt v. State*, 292 S.W.3d 574, 576-77 (Mo. App. 2009).

court. Therefore, it is not preserved for appellate review. *See **Brown v. Brown***, 423 S.W.3d 784, 787-88 (Mo. banc 2014); ***Welch v. Dir. of Revenue***, 465 S.W.3d 550, 553 (Mo. App. 2015); Rule 78.09. Second, when the Children's Division filed a motion to dismiss the guardianship case based upon § 211.093, the Rogers opposed the motion.[4] We will not permit a party to: (1) take a position on a matter that is directly contrary to, or inconsistent with, one previously assumed; or (2) complain on appeal about an alleged error in which he joined, acquiesced or invited by his conduct at trial. *See **Klineline v. Klineline***, 481 S.W.3d 551, 554 (Mo. App. 2015); ***Ard v. Shannon Cty. Comm'n***, 424 S.W.3d 468, 476 (Mo. App. 2014).

The Rogers' point is therefore denied, and the trial court's judgment is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCUR

GARY W. LYNCH, J. – CONCUR

---

[4] Given the basis for our disposition of this appeal, we express no opinion on whether § 211.093 applies to this § 475.030 guardianship proceeding, as the Children's Division argued below. It is worthy of note, however, that § 211.093 expressly limits its application to inconsistencies involving "any order or judgment concerning the status or custody of a child under age twenty-one entered by a court under authority of chapter 452, 453, 454 or 455 …."